NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-35156 |
| Plaintiff-Appellee, | D.C. No. 3:18-cv-05978-RBL |
| v. | |
| PERCY F. NEWBY, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| LAWN LIMITED; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Percy F. Newby appeals pro se from the district court's summary judgment

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for the United States in its action seeking to reduce federal tax assessments to judgment, set aside fraudulent property transfers, and foreclose on tax liens. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's legal conclusions, *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004), and for clear error its factual determinations, *Wolfe v. United States*, 798 F.2d 1241, 1244 n.2 (9th Cir.), *amended by* 806 F. 2d 1410 (9th Cir. 1986). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment for the government regarding Newby's assessed tax liabilities for the 2002 through 2006 tax years because the government introduced evidence of its deficiency determinations, and Newby failed to raise a genuine dispute of material fact as to whether the determinations were invalid. *See Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997) (explaining that the IRS's deficiency determinations are entitled to the presumption of correctness unless the taxpayer submits competent evidence that the assessments were "arbitrary, excessive, or without foundation"); *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) (absent contrary evidence, official certificates, such as a Form 4340, constitute proof of facts that assessments were actually and properly made).

The district court properly granted summary judgment for the government

regarding the attachment of tax liens to the property belonging to Newby, including the two properties held by Lawn Limited, because Newby failed to raise a genuine dispute of material fact as to whether Lawn Limited was not his alter ego. *See* 26 U.S.C. § 6321 (imposing a federal tax lien upon "all property and rights to property, whether real or personal, belonging to [a delinquent taxpayer]"); *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 350-51 (1977) (holding that the government may "properly regard" an alter ego's assets as the delinquent taxpayer's assets for purposes of § 6321); *Wolfe*, 806 F.2d at 1411 ("State law governs the determination of whether there exists an alter ego from whom the government may satisfy the obligation of a taxpayer."); *Rapid Settlements, Ltd. v. Symetra Life Ins. Co.*, 271 P.3d 925, 930 (Wash. 2012) (describing the alter ego doctrine under Washington law).

We reject as meritless Newby's contention that the district court lacked jurisdiction. *See* 26 U.S.C. §§ 7401, 7403 (authorizing the government to commence civil actions for the recovery of taxes and enforcement of liens).

We reject as unsupported by the record Newby's contentions that the district court was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**